UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WALTER LEE CHANEY,

    Plaintiff,

v.                                Case No. 4:18-cv-300-MW/MJF

BROOKS, *et al*.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    The undersigned recommends that this section 1983 action be dismissed for maliciousness, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), because the Plaintiff failed to disclose eight prior civil actions that he had filed.[1]

**I.    Background**

    On June 28, 2019, Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). United States Magistrate Judge Charles A. Stampelos granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 4). Plaintiff was not required to prepay any portion of the filing fee. (Doc. 4). Judge Stampelos reviewed Plaintiff's civil rights

---

[1] This case was referred to the undersigned for the issuance of all preliminary order and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

complaint pursuant to 28 U.S.C. § 1915A and ordered Plaintiff to amend his complaint because the complaint was "insufficient as filed." (Doc. 5). On February 15, 2019, Plaintiff filed his first amended complaint. (Doc. 15). The undersigned reviewed Plaintiff's first amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and determined that Plaintiff failed to state a facially plausible claim for relief against several of the named Defendants. (Doc. 17). On May 1, 2019, the undersigned ordered Plaintiff to file a second amended complaint or a notice of voluntary dismissal. (*Id.*). On August 14, 2019, Plaintiff filed his second amended complaint, the operative pleading in this action. (Doc. 22).

## II. Discussion

### A. Screening for Maliciousness

The Prisoner Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his prior litigation history constitutes abuse of the judicial process warranting dismissal of the case for "maliciousness." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal for maliciousness was warranted when the plaintiff failed to disclose cases he had previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (holding that dismissal for abuse of the judicial process was warranted when an inmate failed to disclose prior cases); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (holding that dismissal of an action for maliciousness was warranted when the plaintiff failed to disclose existence of a prior case). Furthermore, a "district court [is] entitled to conclude that Plaintiff ha[s] abused the judicial process when he failed to" show good cause for not disclosing all prior lawsuits filed. *Redmon v. Lake Cty. Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011).

### B.     The Plaintiff's Omissions

Section IV of the Northern District of Florida complaint form utilized by the Plaintiff required Plaintiff to disclose information regarding prior civil cases he filed in state and federal courts. (Doc. 22 at 4). Question B of Section IV asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action? Plaintiff responded "Yes," and listed *Chaney v. Whitehurt, et al.*, No. 3:11-cv-801-TJC-JBT (M.D. Fla. Aug. 1, 2011). (*Id.*). Question C of Section IV asks:

> Have you initiated other actions (besides those listed above in Question (A) and (B)) in **either state or federal** court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

(*Id.* at 5). Plaintiff responded "Yes," and listed *Chaney v. Moore*, No. 8:01-cv-00846-RAL (M.D. Fla. May 01, 2001). (*Id.*). The form states that a Plaintiff should "**Attach additional pages as necessary to list cases.**"). Plaintiff attached exhibits to his second amended complaint, which disclosed that Plaintiff also had filed the following federal civil cases:[2]

---

[2] The undersigned has listed only Plaintiff's federal cases because the list of his state cases is lengthy.

1. *Chaney v. Smith, et al.*, No. 3:10-cv-00345-MMH-JBT (M.D. Fla. Apr. 22, 2010);

2. *Chaney v. McDonell, et al.*, No. 3:13-cv-00112-TJC-JRK (M.D. Fla. Jan. 31, 2013);

3. *Chaney v. Hassett, et al.*, No. 3:11-cv-801-TJC-JBT (M.D. Fla. Aug. 1, 2011);[3] and

4. *Chaney v. Moore*, No. 8:02-cv-1651-JSM-MSS (M.D. Fla. Sept. 11, 2002).

At the end of Plaintiff's second amended complaint, Plaintiff signed his name after the following statement: "I declare under penalty of perjury that the foregoing statement of facts, including all continuation [sic] pages, are true and correct." (Doc. 22 at 11). The undersigned notes that Plaintiff failed to disclose **eight** other cases that he had filed.[4] Prior to filing his second amended complaint on August 14, 2019,

---

[3] This is the case Plaintiff listed in Question B of Section IV.

[4] Federal Rule of Evidence 201 permits a court to "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). However, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (per curiam) (en banc). "In order to fulfill these safeguards, a party is entitled to an opportunity to be heard as to the propriety of taking judicial notice." *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004)

Plaintiff had filed at least three section 1983 complaints and five habeas corpus petitions:[5]

1. *Chaney v. Hillsborough Cty. Jail Med. Dep't*, No. 8:91-cv-01471-UA (M.D. Fla. Mar. 14, 1991);

2. *Chaney v. Hillsborough Cty. Aviation Auth.*, No. 2:91-cv-00058-WJC (M.D. Fla. Mar. 14, 1991);

3. *Chaney v. Moore, et al.*, No. 8:01-cv-01368-JDW (M.D. Fla. July 23, 2001);

4. *Chaney v. Moore, et al.*, No. 8:02-cv-01145-JDW (M.D. Fla. June 27, 2002);

---

(quotation marks omitted and alteration adopted). Rule 201 does not require courts to warn parties before taking judicial notice of some fact, but, upon the party's request, it does require an opportunity to be heard after the court takes notice. Fed. R. Evid. 201(e); *See Paez v. Sec'y, Fla. Dep't of Corr.*, 931 F.3d 1304, 1308 (11th Cir. 2019) (holding that the district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

[5] Plaintiff listed three of the eight omitted cases in his original complaint and one of the eight omitted cases in his first amended complaint. (Docs. 1, 15). Thus, he never disclosed all of these cases in any version of his complaint. Furthermore, Plaintiff did not disclose *any* of the eight omitted cases in the operative second amended complaint. The undersigned's order directing Plaintiff to file a second amended complaint specifically advised Plaintiff that "the amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended pleading are deemed to have been abandoned." (Doc. 17 at 11).

5. *Chaney v. DOC, et al.*, No. 8:05-cv-01253-RAL-MSS (M.D. Fla. July 5, 2005);

6. *Chaney v. FDOC, et al.*, No. 8:05-cv-01729-JSM-EAJ (M.D. Fla. Sept. 15, 2005);

7. *Chaney v. Smith, et al.*, No. 3:11-cv-01176-MMH-JBT (M.D. Fla. Nov. 25, 2011); and

8. *Chaney v. Moore, et al.*, No. 8:00-cv-02525-SCB-TGW (M.D. Fla. Dec. 11, 2000).

In addition to these cases, Plaintiff also was required to disclose all civil actions in federal court that had been dismissed as frivolous, malicious, or for having failed to state a claim. (Doc. 22 at 5). Plaintiff checked "no," thereby indicating that no federal court had ever dismissed one of his cases for frivolity, maliciousness, or failure to state a claim. (*Id.*). However, that is untrue as *Chaney v. Moore, et al.*, No. 8:02-cv-01145-JDW (M.D. Fla. June 27, 2002) was dismissed for "abuse of the judicial process in not providing the Court with true and complete factual statements and/or responses" because Plaintiff "incompletely and falsely responded to questions" regarding his prior case history. *Chaney v. Moore, et al.*, No. 8:02-cv-01145-JDW (M.D. Fla. June 27, 2002) (Doc. 5).

A truthful response would have included these **eight** omitted cases as well as disclosure of the fact that the United States District Court for the Middle District of

Florida dismissed one of Plaintiff's cases for maliciousness. Plaintiff's omissions, therefore, violated his duty of candor to this court. After Plaintiff partially listed his prior cases, Plaintiff stated that "if [cases are] not listed, it's due to lost [sic] of paper work by authority during shake downs." (Doc. 22 at 13). It is Plaintiff's sole responsibility to maintain a record of the cases he has filed and the results of that litigation. Even if Plaintiff's allegations are true, and he does not have a complete record of his case history, he simply needed to make inquiries with the United States District Court for the Middle District of Florida to obtain a list of his prior cases. Plaintiff has not shown exceptional circumstances indicating that his failure to list his litigation history was due to the "shake downs."

### C. The Materiality of the Omissions

Courts have recognized that information regarding a plaintiff's litigation history is useful to courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of

prior or pending lawsuits and hence frivolous . . . ." *In re Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time." *Procup*, 792 F.2d at 1072.

To conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them"). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner plaintiffs to divulge their record of litigation serves these compelling interests.

Additionally, because prisoner plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiffs' litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions. Here, Plaintiff failed to list eight actions that he had previously filed. Plaintiff knew from the complaint that a truthful answer to the questions on the complaint form required disclosure of *all* prior actions.[6] A penalty is warranted both to deter the Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### D.    The Appropriate Sanction

A court's power to dismiss a case "is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir.1983). "[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Thus, an appropriate sanction for the Plaintiff's conduct is dismissal without

---

[6] Section IV of the Northern District of Florida complaint form utilized by Plaintiff stated, "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE." (Doc. 22 at 4).

prejudice.[7] *See Wynn v. Postal Svc.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a § 2254 action, noting that the court gave the plaintiff an opportunity to amend his complaint to include the omitted cases); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Rivera*, 144 F.3d at 731 (holding that dismissal of an action without prejudice as a sanction for a plaintiff's failure to disclose a prior lawsuit was proper).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood*, 197 F. App'x at

---

[7] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). A dismissal without prejudice will not preclude the Plaintiff from refiling this action. Generally, the statute of limitations for claims under § 1983 of the type alleged by the Plaintiff is four years. *See Stephenson*, 554 F. App'x 838 ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges that the incidents giving rise to this claim began in January of 2017. (Doc. 22 at 7). Therefore, Plaintiff has ample time to file another civil rights action should he be so inclined.

819. A mere admonition also would not deter the Plaintiff or others. Furthermore, dismissal without prejudice would serve as a warning to the Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for maliciousness, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2. The clerk of the court enter judgment accordingly, terminate all pending deadlines, and close this case.

At Panama City Beach, Florida, this <u>23rd</u> day of September, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

**Plaintiff also is hereby advised that if he disputes the accuracy of the facts taken from PACER, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation.**